IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT BROOKS, JR.

    Petitioner/Defendant,

v.                                                   Civil No. 15-cv-1409-DRH

                                                       Criminal No. 10-cr-30236

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.

## MEMORANDUM and ORDER

      This matter is before the Court on petitioner Robert Brooks, Jr.'s amended motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 4). On March 25, 2016, the United States filed a Response to Defendant's Amended Petition to Vacate, Set Aside or Correct Sentence conceding that the motion should be granted but asking this Court to set a sentencing hearing for sixty (60) days from the date of the motion and indicating that it would be seeking a sentence above the new advisory guideline sentence. However, on March 29, 2016, the government moved to withdraw its initial response. The government indicates it entered into a plea agreement with the petitioner in the original criminal case, 10-30236-DRH, in which it agreed to recommend a sentence within the advisory guideline range if the defendant was determined not to be an Armed Career Criminal. The government states it intends to honor the plea agreement and file

an amended motion noting that it intends to recommend 57 months' imprisonment, the high end of the revised advisory guideline, which means that the defendant is now subject to immediate release as he has served in excess of that amount of time.

For the reasons discussed herein, the motion to withdraw the March 25, 2016 response is **GRANTED** (Doc. 10). **FURTHER**, as described below, the petitioner's amended motion to vacate, set aside, or correct sentence (Doc. 4) is **GRANTED IN PART.**

On December 15, 2010, Brooks was charged with the Unlawful Possession of a Firearm by a Previously Convicted Felon. On April 29, 2011, Brooks pled guilty to the Indictment pursuant to a written plea agreement. In the plea agreement, the parties disagreed as to whether Brooks was an Armed Career Criminal, pursuant to Title 18, United States Code, Section 924(e)(1) and the defendant reserved the right to appeal the issue. Ultimately, in light of a previous conviction in Tennessee for Unlawful Possession of a Weapon while in the Commission of a Felony, the Court concluded the defendant was an Armed Career Criminal pursuant to 18 U.S.C. §924(e). The Court ultimately sentenced Brooks to the effective advisory guideline range of 180 months' imprisonment, to be followed by 3 years' supervised release. On September 15, 2011, Brooks filed a timely notice of appeal. In affirming the district court's determination that Brooks was an Armed Career Criminal, the Court of Appeals held that the Tennessee

conviction was a violent felony under the residual clause of the ACCA, a proper determination of the law at the time.

On December 22, 2015, after being granted permission from the Seventh Circuit Court of Appeals to do so, Brooks filed a successive Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. §2255. The Amended § 2255 Petition, filed on behalf of Mr. Brooks by the Federal Public Defender, argues that, in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), obviously decided well after Brooks sentencing and appeal, the petitioner is no longer an ACC because one of the prior convictions used to determine that he was an ACC no longer survived the *Johnson* analysis. The government agrees, as does the Court. The petition goes on the argue that Brooks be sentenced according to the Sentencing Guidelines.

The government further "concedes" that, since Mr. Brooks' has served in excess of the high end of his correctly calculated advisory guideline range that applies because he is not an Armed Career Criminal, "**Brooks is entitled to immediate release on this conviction**." Additionally, the government requests that this Court impose the same term of supervised release, impose the same mandatory and administrative conditions as before, schedule a resentencing hearing only on the issue of whether any modifications are necessary for the special conditions that were previously imposed in light of recent case law, and that such hearing be held within thirty (30) days of Brooks' release from incarceration on this conviction.

Section 2255 allows a defendant to move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution of the United States. 28 U.S.C. § 2255(a). The Supreme Court held in *Johnson* that increasing a defendant's sentence based on the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), violates the Due Process Clause of the Fifth Amendment because its vagueness denies fair notice to defendants of the sentences they may face and invites arbitrary enforcement. *Johnson*, 135 S. Ct. at 2557. In addition, the Seventh Circuit held in *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015), that "*Johnson* announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions." Therefore, defendants whose sentences were increased based on the residual clause of the Armed Career Criminal Act can qualify for relief under § 2255.

The Armed Career Criminal Act applies when a defendant has three convictions that constitute a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1).

At the time of sentencing, petitioner's conviction for the Unlawful Possession of a Weapon while in Commission of a Felony was determined to be a "violent felony" pursuant to the residual clause of the ACCA because the offense was found to consist of conduct that presented a serious risk of physical injury to another. Because it was not one of the "enumerated offenses" within the definition of "violent felony," and it did not have force, the use of force or the threat of the

use of force against another as an element of the offense, this conviction could, at the time, only be considered a "violent felony" for purposes of the ACCA under the residual clause which has now been held to be void for vagueness.

Therefore, in light of *Johnson*, petitioner does not qualify for the enhanced statutory penalties under the Armed Career Criminal Act. His sentence is thus unlawful and Brooks is entitled to relief under § 2255. Even though the government "concedes" that the defendant has served in excess of the high end of the guideline range and "is entitled" to immediate release, the Court need not agree with that rationale. The Court certainly need not follow the advice of the Sentencing Commission, nor the argument or so-called concession of the government, and has the discretion and authority to impose a sentence in excess of that advice, which would result in a sentence not beyond the realm of reason with a defendant who has the criminal history for which Mr. Brooks is responsible.  However, the Court determines that Mr. Brooks has served a sufficient amount of time for the nature of the crime he committed in this case. The Court therefore **GRANTS** Mr. Brooks' motion. **FURTHER,  the Court finds that it is proper to impose a term of imprisonment of time served**.

While the difference is that the defendant is not allowed  to bank days in case he may one day be convicted of a new crime or have his supervision revoked as he would have been able to with the government's request.  The Court does not do this simply for the sake of convenience or to make the Bureau of Prisons bookkeeping more tidy.  The Bureau can take care of itself and is quite good at

doing so.  The defendant herein has, even as his original counsel conceded, a horrendous criminal history.  Much of that criminal history was not accounted for in his criminal history category.  The following convictions were not assessed any points and so his criminal history category was unaffected:

      Burglary, armed robbery and aggravated battery, criminal trespass, theft (2), unlawful possession of a hypodermic syringe, forgery, attempt obstruction of justice, DUI, illegal transportation of alcohol (2), uninsured motor vehicle (3), resisting a peace officer, and driving on a revoked license (2).

      Obviously, some of the above convictions are far more serious than others but in the aggregate they, together with the convictions that were assessed points, represent a person who is, one could easily label, a career criminal even if not based on the now defunct residual clause, but simply by common sense definition.  To the extent then that the sentence announced by this order represents an above guide line sentence, it is a reflection of the defendant's under represented criminal history category. To the extent it isn't greater than time served is due to the lack of an aggravating issue in the nature of the crime. One will recall, the defendant was walking down the street and was observed by an officer trying to hide something on the ground, which turned out to be a handgun.

In summary, the Court **GRANTS** petitioner's amended motion for relief under 28 U.S.C. § 2255 (Doc. 4), and **DIRECTS** the Clerk of the Court to enter judgment accordingly in case number 3:15-cv-1409.

**FURTHER,** the Court further finds it is appropriate to resentence Mr. Brooks and **DIRECTS** the Clerk of the Court to enter an amended judgment in

case number 10-cr-30236 that (1) amends the total term of imprisonment to "time served"; (2) imposes the same term of supervised release (3 years); and (3) imposes the same mandatory conditions of supervision, noting that administrative conditions and special condition, if any, are deferred pending further hearing for modification.

**ACCORDINGLY,** the Court **DEFERS** its decision with regard to administrative and special conditions until such time as a hearing can be held related to the same. In this regard, the Court will set a modification hearing within 30 days of Mr. Brooks' release, only on the issue of whether any modifications are necessary in defendant's supervised release conditions specifically for the imposition of administrative and special conditions that will comply with recent case law.

**FURTHER,** the Court **DIRECTS** the probation office to (1) provide recommendations regarding administrative and special conditions and (2) forward the same to defense counsel prior to the hearing regarding administrative and special conditions.

**IT IS SO ORDERED.**

Signed this 30th day of March, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.03.30 23:33:20 -05'00'

**United States District Court**